UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIVON NEALS,<br><br>   Petitioner,<br><br> v.<br><br>CHARLES WARREN, et al.,<br><br>   Respondent. | Civil Action No. 13-4398 (FLW)<br><br><br>MEMORANDUM AND ORDER |

   This matter having been opened to the Court by Petitioner Tivon Neals' ("Petitioner") filing of an Second Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 33), and a motion for a stay to exhaust Ground Five of his Second Amended Petition. (ECF No. 34.). It appearing that:

   By Opinion and Order dated February 27, 2017, this Court denied Petitioner's motion for discovery but permitted Petitioner to amend his Amended Petition to clarify the *Brady* claim,[1] as alleged in Ground Five of his Amended Petition, to include the facts related to the State's alleged withholding of a Search Warrant Application. (ECF Nos. 31, 32.) The Court further found that Petitioner had not exhausted this aspect of his *Brady* claim, and dismissed the Amended Petition as mixed and provided Petitioner with 45 days to either (1) submit a Second Amended Petition (that includes both his exhausted claims and the unexhausted portion of his *Brady* claim), along with a motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) or (2) advise the

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Court that he intends to proceed with his original Amended Petition (i.e., ECF No. 7) and withdraw the unexhausted portion of his *Brady* claim related to the Search Warrant Application. (*Id.*)

Petitioner elected the former and timely submitted his Second Amended Petition and motion for a stay. (ECF Nos. 33, 34.) The Court has considered Petitioner's submissions and will grant his motion for a stay pursuant to *Rhines* and enter an Order staying the case until the conclusion of the state court proceedings. Within sixty (60) days after Petitioner has exhausted his state court remedies (to every level of the state court) with respect to Ground Five of his Second Amended Petition, Petitioner shall notify the Court as to whether he wishes to reopen the case, or to withdraw his Petition; Petitioner is hereby given notice that failure to notify the Court within this time period may result in the dismissal of the Petition.

**IT IS, THEREFORE**, on this 16th day of November, 2017,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN** so that the Court may consider Petitioner's submissions (ECF Nos. 33, 34); and it is further

**ORDERED** that the motion to stay (ECF No. 34) this matter is **GRANTED**, and the matter is hereby **STAYED** while Petitioner exhausts his state court remedies with respect to Ground Five of the Second Amended Petition; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case at this time;[2] it is further

**ORDERED** that within sixty (60) days after Petitioner has exhausted his state court remedies with respect to Ground Five of the Amended Petition, Petitioner shall notify the Court

---

[2] Petitioner is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over his case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).

whether he wishes to reopen the case, or to withdraw his Petition; Petitioner is hereby given notice that failure to notify the Court within this time period may result in the dismissal of the Petition; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge